UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KRISTINE ROSALES,

                Plaintiff,

    - against -

AT&T CORPORATION, and
LINDA FOLIGNO,

                Defendants.
-------------------------------------------------------X

**COMPLAINT**

<u>Jury Trial Demanded</u>

      Plaintiff, KRISTINE ROSALES, by and through her attorneys, Leeds Morelli & Brown,

P.C., alleges, upon knowledge as to herself and her own actions and upon information and belief

as to all other matters, as follows:


## JURISDICTION AND VENUE

1.      This is a civil action based upon the defendants' violation of Title VII of the Civil Rights

      Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>; Family and Medical Leave Act of

      1993, 29 U.S.C. § 2601, <u>et seq.</u>; the New York State Executive Law, Human Rights Law,

      § 290 <u>et seq.</u>;  the New York City Human Rights Law, N.Y.C. Administrative Code Title

      8; and any other cause of action which can be inferred from the facts set forth herein.


2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4),1367,

      2201.  The pendent jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state law

      causes of action.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.


4.      The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff has filed a

formal administrative complaint (Charge Number 160-2004-02750) with the Equal

Employment Opportunity Commission and has received a Right to Sue letter dated

December 13, 2004, which is attached as Exhibit A.  This action is filed within 90 days

of Plaintiff's receipt of her Right to Sue letter.


**PARTIES**

5.      Plaintiff, Kristine Rosales ("Rosales"), was and still is a resident and domiciliary of the

County of Suffolk, State of New York.


6.      Defendant, AT&T Corporation, was and still is a duly incorporated corporation, located

at 32 Avenue of the Americas, N.Y., N.Y. 10013.


7.      Defendant, Linda Foligno ("Foligno"), is/was employed by AT&T Corporation.  Foligno

aided, abetted, compelled and/or incited the discriminatory and unlawful treatment set

forth below.

2

## FACTS

8.      Kristine Rosales ("Plaintiff") commenced employment with AT&T Corporation

("AT&T") on January 25, 1999 as a Global Support Manager.

9.      Throughout her employment with AT&T, Plaintiff performed her duties in an exemplary

manner.

10.     In February 2000, Plaintiff was promoted to the position of Voice Sales Consultant.

11.     On or about February 2001, Plaintiff was again promoted to the position of Voice Sales

Executive.

12.     In approximately November 2002, Plaintiff became pregnant.

13.     In late December 2002, Linda Foligno ("Foligno"), became Plaintiff's direct supervisor.

14.     In January 2003, Plaintiff informed Foligno of her pregnancy.  Foligno appeared agitated

by the news and responded by saying "it should have been me."  Prior to this

conversation, Foligno had mentioned that she was unhappy about the fact that she was

turning 40 years old, was unmarried, and did not have kids.

15.    After Plaintiff informed Foligno of her pregnancy, Foligno began treating Plaintiff differently than she had treated Plaintiff before she discovered that was pregnant.  For example, she stopped answering Plaintiff's telephone calls.  Also, Foligno's attitude towards Plaintiff changed.

16.    Plaintiff continued to work until the end of February 2003.  At that time, Plaintiff used some of her accrued sick days for one week due to pregnancy complications.  Thereafter, she took disability leave because of these complications.

17.    While Plaintiff was using her sick time, she received a call from Gene Burnett ("Burnett"), Business Manager.  In reference to Plaintiff needing time off from work, Burnett pressured her to return and implied that her failure to return demonstrated that Plaintiff was not a "team player."  In prior instances when Plaintiff had reported sick for work, she had not been subjected to similar pressure to return.

18.    On June 12, 2003, Plaintiff's baby was born and she commenced maternity leave.

19.    Plaintiff's baby boy was in the hospital for approximately the first three weeks of his life.  He returned home just prior to the conclusion of Plaintiff's maternity leave.  In July 2003, Plaintiff's maternity leave ended.  Yet, her baby had just returned home and was still on a heart monitor.   Accordingly, pursuant to company policy, Plaintiff used her accrued vacation time to stay home and care for her child.  On August 18, 2003, Plaintiff

commenced a "care of newborn child leave of absence."

20.     On October 8, 2003, Plaintiff received a negative evaluation from Foligno.  This was the

first negative evaluation that she had ever received throughout her 4 year career at

AT&T.  Her last evaluation, which was given to her in or around January 2003 was

excellent.  She had worked less than two or three months between the positive January

2003 evaluation and the negative October 8, 2003 evaluation.  Moreover, at the time of

the negative evaluation, Plaintiff was over 100% of her sales quota.  Thus, there was no

legitimate business reason for the issuance of the negative evaluation.

21.     This evaluation led to Plaintiff's eventual selection for layoff on October 31, 2003.

22.     The decision to choose Plaintiff for layoff was motivated, in part, by her pregnancy

and/or use of pregnancy related leave.

23.     Defendants' actions have subjected Plaintiff to different terms and conditions of

employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq.; Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et

seq.; the New York State Executive Law, Human Rights Law, § 290 et seq.; and the New

York City Human Rights Law, N.Y.C. Administrative Code Title 8.

## CLAIMS FOR RELIEF

24.    As more fully set forth above, Defendant Foligno aided, abetted, incited, compelled
       and/or coerced the aforementioned unlawful conduct in violation of New York State
       Executive Law, Human Rights Law, § 296(6) and New York City Human Rights Law,
       N.Y.C. Administrative Code Title 8.


25.    By reason of Defendants' violation of Plaintiffs rights, Plaintiff has suffered a loss of
       monetary benefits associated with her employment in addition to suffering physical,
       emotional and other damages.

       WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all
compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay,
injunctive relief, and any other damages permitted by law. It is further requested that this Court
grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief
to which Plaintiff is entitled.  Plaintiff demands a trial by jury.


Dated:  Carle Place, New York
        February 28, 2005


                                    Respectfully Submitted,

                                    LEEDS, MORELLI & BROWN, PC
                                    *Attorneys for Plaintiff*
                                    One Old Country Road, Suite 347
                                    Carle Place, New York 11514
                                    (516) 873-9550

                                    _____
                                    RICK OSTROVE (RO-7248)
                                    GREGORY SCOLIERI (GS-3501)

                                    6

Exhibit A

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Kristine  Rosales c/o
      Rick Ostrove, Esq.
      Leeds, Morelli & Brown
      One Country Road
      Suite 347
      Carle Place, NY 11514

From:   New York District Office
        33 Whitehall Street
        5th Floor
        New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-02750 | Hazel C. Stewart, Supervisory Investigator | (212) 336-3776 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Spencer H. Lewis, JR,_
Director

December 13, 2004
*(Date Mailed)*

Enclosure(s)

cc:   Elisa P. Wojcik, Senior EO Specialist
      AT&T
      227 West Monroe
      Room 3STE18
      Chicago, Illinois 60606-5016